*437 OPINION of the Court, by
Ch. J. Boyle.
— -This was a suit in chancery, brought by the appellee ágainst the appellant, for the purpose of obtaining the cancel-tnent of a bill of sale for a slave. The bill alleges that *438 the appellee held a life estate in the slave only, being allotted to her as part of her dower in her former hus-hand’s estafe ; that the appellant engaged to marry her, the fulfilment of which engagement he postponed under various pretences from time to time ; that in the mean» time he stated to her it was probable they might have children, and if they should, that he wished them to have the benefit of said slave; to effect which, it was necessary for them to enter into some contract. That through his solicitations, and bciuj; ignorant and illiterate, she executed an instrument which he represented would secure that object, but which she has since been informed is an absolute, bill of sale for said slave : that the appellant has refused to comply with his contract to marry her, and that the bill ot sale is fraudulent and without consideration.
A promife to marry the com, plainant, being denied by the defendant, ani proved by one witnefa only, is not tne fuunda {ion for refcino - in? a eon'raid impeached oa the ground of fuch deceitful and unruíñiled promiie — Acc. voL i. Litieil •us M.'lver 203 —Hardwick •vs Fashes 2 2 — Lee vs Vagin >
The appellant in his answer denies the contract to marry, and the fraudulent practices with which he is charged. He alleges that the bill of sale was given ia consideration of 52 acres of land sold by him to the ap-pellee, and for the conveyance of which she agreed to take a bond from the person from whom he had purchased.
By an amended or supplemental bill, the appellee alleges that the bill of sale does not contain the whole contract ; that the appellant drew up at the same time a long instrument of writing, which if produced would, as she thinks, shew that she had not parted with the absolute property in the slave ; and she calls upon the appellant to produce it. He answers and denies that any such writing was executed. On a final hearing the court below pronounced a decree rescinding the bill of sale : from which the appellant has appealed to this court.
The charge that the bill of sale was given without consideration, is evidently without foundation for the proof clearly establishes the fact that the tract of 52 acres of land mentioned in the answer was given as the consideration, and that a bond therefor was executed to the appellee, agreeably to the terms of her contract with the appellant. Nor can we infer from the evidence that the consideration is a very inadequate one. The bill of sale purports to transfer to the appellant an estate in the slave only, during the life of the appellee. *439 Íío particular character or description of the slave is given, nor is there any estimate of his worth or value, made by anv of the witnesses. Under these circumstances, we cannot suppose thaf his value for the lile of the appellee could greatly exceed that of the tract of land, for which, as appears from the testimony* the appellant had refused from a third person 8 300, and the appellee herself had some time before agreed to give 100/.
Although, therefore, we cannot affirm that the terms of the contract are perfectly, equal, yet we certainly cannot say, without farther evidence of the value or character of the slave, that they are so unequal as to au-thorise an inference against the fairness of the contract.
The other grounds from which fraud is attempted to be inferred, are, we also think, either insufficient to justify such au inference or unsupported by the evidence.
The engagement to marry the appellee is denied by the appellant, and it is certainly’ not very satisfactorily proven. But admit the fact to be established, yet in itself it would be an immaterial circumstance : for it cannot be pretended that an engagement to marry disables the parties from contracting, or that their contracts, otherwise fair, would be thereby vitiated. It is ouly then by' combining this circumstance with the false and fraudulent pretexts which it is alleged the appellant used to induce the appellee to execute the bill of sale, that it can have any' effect; and of his having used such pretexts there is no evidence whatever : on the contrary, a presumption opposed to his having done so, arises from the face of the bill of sale itself: for as it only conveys an ^estate for the life of the appellee, it could in no manner conduce to the attainment of such an object as is alleged the appellant pretended to have in view.
The circumstances with respect to the long instrument pf writing, as'it is called byT the appellee, are equally inconclusive to establish the fraud. Its execution is proved by one witness only ; and according to the settled rules of evidence in courts of chancery, ihe testimony of one witness is insufficient to establish the fact, in opposition to the express denial of the defendant’s answer. But were its execution proved, it would not justify a conclusion that the contract was fraudulent. As far as its contents are deposed to by the witnesses who speak *440 0f they are perfectly compatible with the nature of contract, as alleged by the appellant ; and to presume that it contained stipulations different from those which are proved, would not only be indulging a presumption arbitrary and fanciful, but one which is opposed to probability.
The decree of the inferior court is therefore erroneous and must be reversed with costs, and the cause remanded that the bill may be dismissed with costs.